UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS RUIZ FLOREZ,

   *Plaintiff,*

vs.

MASLO REALTY CORP., and PENTAPOP
INC.,

   *Defendants*.

## COMPLAINT

Plaintiff, CARLOS RUIZ FLOREZ (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, MASLO REALTY CORP., and PENTAPOP INC., (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2. The subject property is a four story restaurant that offers innovative Asian food and cocktails, artisanal retain offerings, and cultural events located at 56 E 41st St, New York, NY 10017 (hereinafter, the "Subject Premises").

3. All events giving rise to this lawsuit occurred in the State of New York. The venue is proper in this Court as the Subject Premises are located in the Southern District.

1

**PARTIES**

4.      Plaintiff, CARLOS RUIZ FLOREZ, is over the age of 18, *sui juris*, and a resident of Queens County, New York. Plaintiff suffered a spinal cord injury as a child, from the T-7 to T-11, has paraplegia, is bound to ambulate in a wheelchair, and is a qualified individual under the ADA.

5.      Defendant, MASLO REALTY CORP., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, MASLO REALTY CORP., is the owner of the Subject Premises.

6.      Defendant, PENTAPOP INC., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district and is the owner/operator of the multi-concept cultural and commercial establishment "HUE HOUSE" located at the Subject Premises.

7.      The Plaintiff enjoys dining at HUE HOUSE for the uniqueness and quality of its food, ambience, and cultural events.  However, despite the Plaintiff's appreciation for the restaurant, significant accessibility barriers limit their ability to fully enjoy the dining experience, in violation of the ADA.

**FACTUAL ALLEGATIONS AND CLAIM**

8.      Plaintiff, in his individual capacity, visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

9.      Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

10.     Plaintiff personally encountered several barriers while visiting the Facility which prevented him from accessing several features and/or prevented him from fully enjoying many features.  The barriers include but are not limited to inaccessible counters and drink dispensers, inaccessible bars and tables, and an inaccessible restroom.  The barriers, by their very nature, directly affect Plaintiff and other wheelchair bound patrons.

11.     Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

12.     Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

13.     Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

14.     The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

15.     Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

16.     Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

17.     On or about February 2026, and again on April 24, 2026, Plaintiff attempted to access the Subject Premises but was unable to do so due to the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

18.     Plaintiff intends to return to the Subject Premises in the summer and fall of 2026 to enjoy the unique space and food with family and friends.  However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

19.     Plaintiff often visits the Grand Central Business District often, as it is a transportation hub and easily reachable from most areas of New York City.  It also offers many shops and restaurants in close proximity to each other and thus offers convenience to Plaintiff who must travel in his wheelchair.  He intends to visit the Facility again over the summer and into the fall of 2026 to patronize the retail shops, cafes and bars, and intends to return to the Facility to enjoy the unique ambience and food with friends and family.

4

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
### (Against All Defendants)

20.    Plaintiff restates Paragraphs 1-18 as though fully set forth herein.

21.    Defendants, MASLO REALTY CORP. and PENTAPOP INC., have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

22.    MASLO REALTY CORP., as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

23.    PENTAPOP INC., as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

24.    The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

### Entrance

**i. Non-Compliant Service Counter Height**
The service counter exceeds the maximum allowable height, preventing Plaintiff and other wheelchair users from accessing goods and services. This is a violation of ADAAG §§227, 227.1, 904.4, 904.4.1, and 904.4.2. Providing a compliant lowered service counter is readily achievable.

**ii. Inaccessible Self-Service Alcoholic Beverage Dispensers**

The self-service alcoholic beverage dispensing machines exceed the maximum allowable reach range height, preventing Plaintiff and other wheelchair users from independently accessing the self-service beverage dispensers. This is a violation of ADAAG §§308, 308.1, 308.2, 308.2.1, 308.2.2, 308.3, 308.3.1, 308.3.2, and 904.5.1. Providing compliant accessible dispensing devices is readily achievable.

**Dining/Bar Areas**

**iii. Insufficient Accessible Dining and Bar Seating**
A sufficient amount of compliant dining surfaces and bar seating is not provided within the dining and bar seating areas, including the barside dining area and back main dining area, preventing Plaintiff and other wheelchair users from accessing dining surfaces. This is a violation of ADAAG §§226, 226.1, 902, and 902.1. Providing compliant accessible seating is readily achievable.

**iv. Knee and Toe Clearance Not Provided at Dining Tables and Bar**
The dining tables located at the barside dining area and back main dining area, as well as the bar, do not provide required knee and toe clearance, preventing Plaintiff and other wheelchair users from properly positioning a wheelchair at the dining surfaces. This is a violation of ADAAG §§226, 226.1, 306.2, 306.2.3, 306.2.5, 306.3, 306.3.3, 306.3.5, 902, and 902.2. Providing compliant knee and toe clearance is readily achievable.

**v. Non-Compliant Bar Height and Lack of Accessible Portion**
The bar exceeds the maximum allowable height and does not provide a required accessible portion, preventing Plaintiff and other wheelchair users from accessing the bar services. This is a violation of ADAAG §§226, 226.1, 902, 902.1, and 902.3. Providing a compliant lowered accessible bar section is readily achievable.

**vi. Non-Compliant Dining Table Heights**
Dining tables located at the back main dining area exceed the maximum allowable height, preventing Plaintiff and other wheelchair users from accessing the dining surfaces. This is a violation of ADAAG §§902 and 902.3. Providing compliant dining table heights is readily achievable.

**vii. Insufficient Clear Floor Space at Dining Tables**
Dining tables located at the back main dining area do not provide the required clear floor space for a forward approach, preventing Plaintiff and other wheelchair users from properly positioning a wheelchair at the dining surfaces. This is a violation of ADAAG §§226, 226.1, 305.3, and 902.2. Providing compliant clear floor space is readily achievable.

**Men's Public Restroom**

**viii. Non-Compliant Restroom Identification Signage**
Compliant signage identifying the men's restroom is not provided as required, preventing Plaintiff and other disabled individuals from independently identifying the restroom. This

is a violation of ADAAG §§216, 216.1, 216.2, 703.1, 703.4.1, and 703.4.2. Installing compliant signage is readily achievable.

### ix. Insufficient Maneuvering Clearance at Men's Restroom Door

The men's restroom door does not provide required maneuvering clearance, preventing Plaintiff and other wheelchair users from safely maneuvering into and out of the restroom. This is a violation of ADAAG §§206, 206.1, 402, 402.1, 402.2, and 404.2.4. Providing compliant maneuvering clearance is readily achievable.

### x. Non-Compliant Door Swing at Men's Restroom

The men's restroom door swings into the required floor space of restroom fixtures, preventing Plaintiff and other wheelchair users from safely using the restroom fixtures. This is a violation of ADAAG §§603, 603.1, and 603.2.3. Providing a compliant door swing is readily achievable.

### xi. Non-Compliant Restroom Door Lock Hardware

The men's restroom door lock requires pinching of fingers to operate, preventing Plaintiff and other disabled individuals from independently operating the door hardware. This is a violation of ADAAG §§404, 404.1, 404.2.7, and 309.4. Installing compliant door hardware is readily achievable.

### xii. Insufficient Turning Space in Men's Restroom

The men's restroom does not provide the required turning space, preventing Plaintiff and other wheelchair users from safely maneuvering within the restroom. This is a violation of ADAAG §§603, 603.1, 603.2, 603.2.1, and 304.3.1. Providing compliant turning space is readily achievable.

### xiii. Inaccessible Water Closet in Men's Restroom

The men's restroom does not provide required clearance around the water closet, preventing Plaintiff and other wheelchair users from safely transferring to and using the fixture. This is a violation of ADAAG §§604, 604.3, and 604.3.1. Providing compliant clearances at the water closet is readily achievable.

### xiv. Missing Grab Bars at Men's Water Closet

Required rear and side wall grab bars are not provided at the water closet in the men's restroom, preventing Plaintiff and other disabled individuals from safely using the fixture. This is a violation of ADAAG §§604 and 604.5. Installing compliant grab bars is readily achievable.

### xv. Inaccessible Flush Control at Men's Water Closet

The flush control at the men's restroom water closet is located on the closed side of the water closet, preventing Plaintiff and other disabled individuals from safely operating the flush control. This is a violation of ADAAG §§604 and 604.6. Relocating the flush control is readily achievable.

### xvi. Inaccessible Toilet Paper Dispenser in Men's Restroom

7

The toilet paper dispenser in the men's restroom is not mounted in a compliant location in relation to the water closet, preventing Plaintiff and other disabled individuals from safely using the dispenser. This is a violation of ADAAG §§604 and 604.7. Repositioning the toilet paper dispenser is readily achievable.

### xvii. Inaccessible Lavatory Clear Floor Space in Men's Restroom

The lavatory in the men's restroom does not provide the required clear floor space for a forward approach, preventing Plaintiff and other wheelchair users from properly positioning a wheelchair for use. This is a violation of ADAAG §§606, 606.2, and 305.3. Providing compliant clear floor space is readily achievable.

### xviii. Knee and Toe Clearance Not Provided at Men's Lavatory

The lavatory in the men's restroom does not provide required knee and toe clearance, preventing Plaintiff and other wheelchair users from properly positioning a wheelchair for use. This is a violation of ADAAG §§606, 606.2, 306.2, 306.2.3, 306.2.5, 306.3, 306.3.3, and 306.3.5. Providing compliant knee and toe clearance is readily achievable.

### xix. Exposed Pipes Beneath Men's Lavatory Not Insulated

The water supply and drain pipes beneath the men's restroom lavatory are not insulated or otherwise configured to protect against contact, creating a hazard for Plaintiff and other disabled individuals. This is a violation of ADAAG §§606 and 606.5. Insulating the pipes is readily achievable.

### xx. Inaccessible Mirror in Men's Restroom

The mirror in the men's restroom is mounted above the maximum allowable height to the reflecting surface, preventing Plaintiff and other individuals with disabilities from using the mirror. This is a violation of ADAAG §603.3. Lowering the mirror is readily achievable.

### Women's Public Restroom

### xxi. Non-Compliant Restroom Identification Signage

Compliant signage identifying the women's restroom is not provided as required, preventing disabled individuals from independently identifying the restroom. This is a violation of ADAAG §§216, 216.1, 216.2, 703.1, 703.4.1, and 703.4.2. Installing compliant signage is readily achievable.

### xxii. Insufficient Maneuvering Clearance at Women's Restroom Door

The women's restroom door does not provide required maneuvering clearance, preventing disabled individuals from safely maneuvering into and out of the restroom. This is a violation of ADAAG §§206, 206.1, 402, 402.1, 402.2, and 404.2.4. Providing compliant maneuvering clearance is readily achievable.

### xxiii. Non-Compliant Door Swing at Women's Restroom

The women's restroom door swings into the required floor space of restroom fixtures, preventing disabled individuals from safely using the restroom fixtures. This is a

violation of ADAAG §§603, 603.1, and 603.2.3. Providing a compliant door swing is readily achievable.

### xxiv. Non-Compliant Restroom Door Lock Hardware

The women's restroom door lock requires pinching of fingers to operate, preventing disabled individuals from independently operating the door hardware. This is a violation of ADAAG §§404, 404.1, 404.2.7, and 309.4. Installing compliant door hardware is readily achievable.

### xxv. Inaccessible Water Closet in Women's Restroom

The women's restroom does not provide required clearance around the water closet, preventing disabled individuals from safely transferring to and using the fixture. This is a violation of ADAAG §§604, 604.3, and 604.3.1. Providing compliant clearances at the water closet is readily achievable.

### xxvi. Missing Grab Bars at Women's Water Closet

Required rear and side wall grab bars are not provided at the water closet in the women's restroom, preventing disabled individuals from safely using the fixture. This is a violation of ADAAG §§604 and 604.5. Installing compliant grab bars is readily achievable.

### xxvii. Inaccessible Toilet Paper Dispenser in Women's Restroom

The toilet paper dispenser in the women's restroom is not mounted in a compliant location in relation to the water closet, preventing disabled individuals from safely using the dispenser. This is a violation of ADAAG §§604 and 604.7. Repositioning the toilet paper dispenser is readily achievable.

### xxviii. Knee and Toe Clearance Not Provided at Women's Lavatory

The lavatory in the women's restroom does not provide required knee and toe clearance, preventing disabled individuals from properly positioning a wheelchair for use. This is a violation of ADAAG §§606, 606.2, 306.2, 306.2.3, 306.2.5, 306.3, 306.3.3, and 306.3.5. Providing compliant knee and toe clearance is readily achievable.

### xxix. Non-Compliant Lavatory Height

The lavatory in the women's restroom exceeds the maximum allowable height, preventing disabled individuals from using the fixture. This is a violation of ADAAG §§606 and 606.3. Lowering the lavatory is readily achievable.

### xxx. Exposed Pipes Beneath Women's Lavatory Not Insulated

The water supply and drain pipes beneath the women's restroom lavatory are not insulated or otherwise configured to protect against contact, creating a hazard for disabled individuals. This is a violation of ADAAG §§606 and 606.5. Insulating the pipes is readily achievable.

### xxxi. Inaccessible Mirror in Women's Restroom

The mirror in the women's restroom is mounted above the maximum allowable height to the reflecting surface, preventing disabled individuals from using the mirror. This is a violation of ADAAG §603.3. Lowering the mirror is readily achievable.

25.     Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

26.     The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

27.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

28.     Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

29.     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

10

**30.**    Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

July 17, 2026

*/s/ Jennifer E. Tucek,*
Jennifer E. Tecek, Esq.
Bar No. JT2817
Law Office of Jennifer Tucek, PC
641Lexington Avenue, 15th Floor
New York, New York 10017
(917) 669-6991
TucekLaw@Gmail.com
*Attorney for Plaintiff*

11